UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, and RON DOE,<br><br>Plaintiffs,<br><br>v.<br><br>SKYWAY HOUSE , INC., SKYWAY HOUSE LLC, and JENNIFER CARVALHO,<br><br>Defendants. | No. 2:16-cv-00627-TLN-CMK<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |

This matter is before the Court on Defendants Skyway House, Inc. and Jennifer Carvalho's Motion to Dismiss (ECF No. 7) and Defendant Skyway House LLC's separate Motion to Dismiss (ECF No. 8).[1] Plaintiffs Jane Doe and Ron Doe (collectively "Plaintiffs") oppose the motions. (ECF Nos. 11 & 12.) Defendants filed replies. (ECF Nos. 13 & 14.) Having reviewed the briefing filed by both parties and for the reasons set forth below, the Court hereby GRANTS Defendants' Motions to Dismiss. (ECF Nos. 7 & 8.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs allege Jane Doe began receiving medical treatment related to alcohol abuse in March 2014. (Compl., ECF No. 1 ¶ 13.) Jane Doe was transferred to Skyway House ("the

---

[1] Skyway House, Inc. and Skyway House LLC are two separate entities. For the sake of clarity, the Court will refer to all Defendants by their referenced names rather than as a unified group.

1

Facility"), a 24-hour recovery hospital located in Butte County. (ECF No. 1 ¶ 14.) Plaintiffs allege Plumas County paid for the first 30 days of Jane Doe's residency and her father, Ron Doe, paid for the remainder of the time Jane Doe was at the Facility. (ECF No. 1 ¶ 13.)

Plaintiffs allege that during the first few weeks of Jane Doe's residency a male employee began to pay particular attention to her. (ECF No. 1 ¶ 19.) Plaintiffs allege Jane Does was coerced into leaving the 24-hour intensive rehabilitation facility by the male employee. (ECF No. 1 ¶ 19.) Jane Doe was subsequently moved to the Sober Living Environment (SLE), a less intensive and less supervised center. (ECF No. 1 ¶ 20.) Plaintiffs allege the reason the male employee "wanted to move Jane Doe to the SLE was to commence a sexual relationship with her, which was not possible so long as she remained in the 24-hour unit." (ECF No. 1 ¶ 23.) Once moved to the SLE, Plaintiffs allege the male employee began taking Jane Doe on outings and eventually had sexual relations. (ECF No. 1 ¶ 25.) Plaintiffs allege Jane Doe gave "nominal consent" to the relationship. (ECF No. 1 ¶ 25.)

Plaintiffs allege the relationship began in May 2014 and ended when Jane Doe learned she was pregnant in June 2014. (ECF No. 1 ¶ 30.) The male employee was subsequently "terminated by [the Facility] because of his inappropriate relationship with Jane Doe." (ECF No. 1 ¶ 30.) Plaintiffs allege Jane Doe left the Facility in July 2014 and did not complete her dependency recovery program. (ECF No. 1 ¶ 30.) Plaintiffs allege there is a history of inappropriate sexual relationships between staff and residents at the Facility. (ECF No. 1 ¶ 10.) Plaintiffs allege this conduct still continues because Defendant Carvalho has not changed the policies or procedures to protect residents from these relationships. (ECF No. 1 ¶ 32.)

Acadia Healthcare, Inc. purchased the Facility from Skyway House Inc., on December 31, 2014. (ECF No. 11 at 3.) Beginning in January 2015, the Facility was owned and operated by Acadia's subsidiary Skyway House LLC. (ECF No. 11 at 3.) Defendant Carvalho was CEO during Jane Doe's stay at the Facility and has continued on under the new owner. (ECF No. 11 at 3.)

Plaintiffs filed an action in California State Superior Court, County of Butte, on July 29,

2015.  (Req. for Judicial Notice, ECF No. 7-2, Ex. 2.)[2]  The state court dismissed the action against Skyway House LLC and Acadia because of the intervening sale of the Facility.  (ECF No. 11 at 3.)  On November 5, 2015, California State Superior Court, County of Butte, sustained a demurrer filed by Skyway House, Inc. and granted Plaintiffs leave to amend the complaint.  (ECF No. 7-2, Ex. 3.)  Jane Doe filed a first amended complaint and thereafter dismissed the state law action without prejudice in order to pursue her claims in federal court.  (ECF No. 7-2, Exs. 4 & 5.)  Plaintiffs filed the instant action on March 24, 2016.  (ECF No. 1.)  Plaintiff alleges six causes of action: (1) violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S. C. § 12101 et seq; (2) breach of fiduciary duty; (3) physical abuse of a dependent adult in violation of Cal. Welf. & Inst. Code § 15610.63; (4) neglect of a dependent adult in violation of Cal. Welf. & Inst. Code § 15610.57; (5) violation of Cal. Welf. & Inst. Code § 15657; and (6) fraud.  (ECF No. 1 at 12–20.)

On July 22, 2016, Defendants Skyway House, Inc. and Jennifer Carvalho filed a motion to dismiss for lack of subject matter jurisdiction or in the alternative failure to state a claim.  (ECF No. 7.)  On July 29, 2016, Defendant Skyway House LLC filed a separate motion to dismiss for lack of subject matter jurisdiction or in the alternative failure to state a claim.  (ECF No. 8.)

**II.     Standard of Law**

A.  <u>Motion to Dismiss Pursuant to 12(b)(1)</u>

A party may bring a motion to challenge a court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  The objection that a federal court lacks subject matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).  The challenge can be either facial or factual.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

---

[2]     Defendants Skyway House, Inc. and Jennifer Carvalho request the Court take judicial notice of numerous state court documents from Plaintiffs' complaint filed in Butte County, action number 164671.  (Req. for Judicial Notice, ECF No. 7-2.)  Defendant Skyway House LLC requests the Court take judicial notice of United States Securities and Exchange Commission Form 10-K filed by Acadia Healthcare Company, Inc.  (Req. for Judicial Notice, ECF No. 8-2.)  The Court finds the aforementioned requests unnecessary in order to resolve the instant motion.  Therefore, said requests are hereby DENIED as moot.

3

"When subject matter jurisdiction is challenged under Federal Rule of [Civil] Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77 (2010)). "'Unless the jurisdictional issue is inextricable from the merits of a case, the court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1)[.]'" *Robinson v. U.S.*, 586 F.3d 683, 685 (9th Cir. 2009) (internal citations omitted). "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Community v. Bush*, 386 F.3d 1169, 1175 (9th Cir. 2004). If the court determines at any time that it lacks subject matter jurisdiction, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### B. <u>Motion to Dismiss Pursuant to 12(b)(6)</u>

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 350 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss, the factual allegations of the complaint are assumed to be true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the well-pleaded allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2009)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an

unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Additionally, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Federal Rule of Civil Procedure 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713

F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III. ANALYSIS

Defendants Skyway House, Inc. and Jennifer Carvalho and Defendant Skyway House LLC filed separate motions to dismiss. Each motion raises different issues with respect to standing and failure to state a claim because of the different positions of Defendants. Accordingly, the Court will address each motion separately.

#### A. Skyway House, Inc. and Jennifer Carvalho's Motion to Dismiss

Plaintiffs allege a claim for discrimination under the ADA against Defendant Carvalho.[3] (ECF No. 1 at 12.) Defendants Skyway House Inc. and Carvalho assert Plaintiffs lack standing on the ADA claim. (ECF No. 7-1 at 1.) The Court agrees.

Article III of the United States Constitution requires a litigant have standing in order to maintain an action in federal court. The Article III case or controversy requirement limits a federal court's subject matter jurisdiction. *Allen v. Wright*, 468 U.S. 737, 750 (1984). Accordingly, if Plaintiffs cannot demonstrate they have standing the Court lacks subject matter jurisdiction and this claim must be dismissed. Standing requires a showing that Plaintiffs have suffered an "injury in fact" — "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Where the plaintiff seeks only injunctive and declaratory relief, the plaintiff "must demonstrate a real and immediate threat of repeated injury in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). Past injury is insufficient to confer standing to seek prospective injunctive or declaratory relief. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)

Plaintiffs argue Jane Doe suffered an injury in fact by not completing her alcohol dependency program at the Facility and she remains in need of further rehabilitation services.

---

[3] Plaintiffs do not assert a claim for violation of the ADA against Skyway House, Inc. Skyway House, Inc. joins the instant motion because the remaining state-law claims are all raised against Skyway House, Inc. Skyway House, Inc. requests the Court dismiss the state-law claims if the Court dismisses the ADA claim because jurisdiction for the state-law claims is premised on supplemental jurisdiction.

6

(ECF No. 11 at 5; ECF No. 1 ¶ 39.) Plaintiffs' position is unclear. The Court cannot tell from Plaintiffs' arguments whether Plaintiffs allege harm from Jane Doe's premature departure from the Facility or from her continuing need for additional rehabilitation services. However, the Court need not decide whether leaving the Facility early is a sufficient harm absent any physical injury because Plaintiffs have failed to plead a real and immediate threat of repeated injury. There is no indication that Jane Doe desires to return to the Facility for her rehabilitation, that she will be subjected to the same alleged harm, or that inappropriate sexual relationships continue at the Facility without recourse from the management. Plaintiff must show she is "realistically threatened by a repetition" of the violations to have standing to seek injunctive relief. *Lyons*, 461 U.S. at 109. Plaintiffs fail to plead this. Accordingly, the Court hereby GRANTS Defendants Skyway House Inc. and Carvalho's motion to dismiss the ADA claim against Defendant Carvalho.

### B. Skyway House LLC's Motion to Dismiss

Plaintiffs assert a single claim against Skyway House LLC for violation of the ADA. (ECF No. 1 at 12.) Skyway House LLC asserts Plaintiffs do not have standing to bring a claim against it under the ADA. The Court may not hear a case when it does not have subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Therefore, the Court must first determine the issue of jurisdiction before it turns to Plaintiffs' ability to state a claim. There are two challenges to subject matter jurisdiction. A facial challenge attacks the pleadings as insufficient to invoke federal jurisdiction whereas a factual challenge contests the veracity of the jurisdictional pleadings. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Skyway House LLC asserts Plaintiffs have failed to plead facts to establish Skyway House LLC's liability under the given set of facts. (ECF No. 8 at 6.) Accordingly, the Court looks to the pleadings to determine standing.

Skyway House LLC states its parent corporation bought the Facility in December 2014. (ECF No. 8 at 3.) Skyway House LLC argues Plaintiffs fail to allege that Jane Doe was a resident of the Facility when Skyway House LLC was the owner. (ECF No. 8 at 3.) Skyway House LLC contends that in order for it to be liable for claims arising from events prior to its ownership,

Plaintiffs would need to plead successor liability applies. (ECF No. 8 at 5.) Skyway House LLC argues Plaintiffs fail to plead the existence of a contract that would demonstrate successor liability and therefore have not met their burden to demonstrate jurisdiction. (ECF No. 8 at 6.) In the alternative, Skyway House LLC asserts Plaintiffs have failed to state a claim for relief because Plaintiffs do not allege that Jane Doe intends to return to the Facility. (ECF No. 8 at 7.)

Plaintiffs acknowledge they became aware of the change of ownership from Skyway House, Inc. to Acadia and Skyway House LLC when their state court complaint was dismissed. (ECF No. 11 at 3.) However, Plaintiffs' complaint only alleges activities that took place prior to Skyway House LLC's ownership. Plaintiffs assert that Skyway House LLC is vicariously liable because Defendant Carvalho remains at the Facility and has not changed the policies and procedures to protect against sexual relationships between staff and residents. (ECF No. 12 at 5.) Plaintiffs attempt to sidestep the need to demonstrate successor liability by arguing that the conduct is still ongoing because Defendant Carvalho has not yet changed the policies and procedures. (ECF No. 12 at 5.) In essence, the Court must determine whether Skyway House LLC can be liable for two different time periods: the time prior to its ownership through successor liability and the time after its ownership through vicarious liability.

*i.    Successor liability arising from events before ownership*

As to the question of successor liability, Skyway House LLC argues Plaintiffs have not pled an assumption of liability by Skyway House LLC through either the terms of the agreement or factual circumstances giving rise to an implied assumption. (ECF No. 8 at 6.) Federal courts apply the state successor liability laws. *Me. State Requirement Sys. v. Countrywide Fin. Corp.*, No. 10-CV-302, 2011 WL 1765509, at *17 (C.D. Cal. Apr. 20, 2011). Under California law there are four ways in which to establish successor liability: (1) the successor expressly or impliedly agrees to assume the subject liabilities; (2) the transaction amounts to a consolidation or merger of the successor and the predecessor; (3) the successor is a mere continuation of the predecessor; or (4) the transfer of assets to the successor is for the fraudulent purpose of escaping liability. *Ray v. Alad Corporation*, 19 Cal. 3d 22, 28 (1977). "[P]laintiffs here must not only plead the existence of an assumption of liability, but either the terms of that assumption of

8

liability (if express) or the factual circumstances giving rise to an assumption of liability (if implied)." *Winner Chevrolet, Inc. v. Universal Underwriters Ins. Co.*, No. CIV S-08-539 LKK/JFM, 2008 WL 2693741, at *4 (E.D. Cal. July 1, 2008).

Here, Plaintiffs have failed to plead successor liability under any of the four options in *Ray*. Plaintiffs' complaint is devoid of factual allegations suggesting an implied successor liability or any allegations that the sale of the Facility was a merger, continuation, or corporate shell game. Without these allegations Plaintiffs cannot demonstrate that successor liability applies. Accordingly, Plaintiffs fail to meet their burden to demonstrate Skyway House LLC is liable for incidents of alleged discrimination occurring prior to its purchase of the Facility. *See Tosco*, 236 F.3d at 499 (holding the plaintiff has the burden of proving jurisdiction in order to survive a motion for lack of jurisdiction).

ii. *Vicarious Liability arising from the continued employment of Defendant Carvalho*

As to the question of vicarious liability, Plaintiffs argue Skyway House LLC is vicariously liable for the continued failure to modify the policies and procedures of the Facility after Jane Doe left in July 2014. (ECF No. 12 at 5.) Skyway House LLC argues it cannot be vicariously liable for actions after it took ownership because Plaintiffs cannot show they were harmed during that time. (ECF No. 14 at 3.) As discussed above, Plaintiffs have not shown an injury in fact arising after Skyway House LLC took ownership. Without Defendant Carvalho being liable, no underlying liability exists, to which, Skyway House LLC can be vicariously liable.

Accordingly, Plaintiffs fail to demonstrate they have standing to assert a vicarious liability claim against Skyway House LLC with regards to the time after it took ownership of the Facility. Furthermore, Plaintiffs fail to meet their burden to demonstrate a successor liability exists to make Skyway House LLC liable for any action preceding transfer of ownership of the Facility. Plaintiffs have failed to establish subject matter jurisdiction exists against Skyway House LLC. The Court hereby GRANTS Skyway House LLC's Motion to Dismiss for lack of subject matter jurisdiction (ECF No. 8).

C. Remaining State Law Claims

Plaintiffs allege five additional claims against Defendants Skyway House Inc. and Jennifer Carvalho. (*See* ECF No. 1.) Defendants argue the Court should dismiss the remaining state law claims because the Court's jurisdiction rested on the ADA claim and the state law claims were brought pursuant to supplemental jurisdiction. (ECF No. 7-1 at 7.) Plaintiffs assert the Court should exercise its discretion to maintain the state-law claims. (ECF No. 11 at 11–12.) When a court grants a motion to dismiss federal claims upon which subject matter jurisdiction is based, "the court generally retains discretion to exercise supplemental jurisdiction . . . over pendent state-law claims." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The Court declines to retain jurisdiction over Plaintiffs pendent state-law claims. Here, the litigation is in its infancy, no discovery has been conducted, and the Court has not heard any dispositive motions on the state-law claims. Additionally, Plaintiffs are not foreclosed from refiling their claims in state court because the original action was dismissed without prejudice. Accordingly, the Court believes determination of the state-law claims is best left to the California courts.

### IV. CONCLUSION

For the above stated reasons, the Court lacks subject matter jurisdiction over Plaintiffs ADA claim. Accordingly, the Court hereby GRANTS Defendants Skyway House Inc. and Jennifer Carvalho and Defendant Skyway House LLC Motions to Dismiss (ECF Nos. 7 & 8). Plaintiffs' Complaint is DISMISSED WITHOUT PREJUDICE in its entirety. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: July 12, 2017

Troy L. Nunley
United States District Judge